UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENISE BROWN,

    Plaintiff,

v.                                               Case No:   6:19-cv-1057-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to appear in forma pauperis (Doc. 2). Plaintiff, appearing *pro se*, has tendered what is docketed as an unsigned complaint (Doc. 1),[1] naming the Social Security Administration as Defendant. Upon due consideration, I respectfully recommend that the complaint be **dismissed without prejudice**, with leave to amend.

### I. Background

Plaintiff's complaint reads, in substantive entirety: "L5-S1-Herniated disc w/ sciatica pain, muscle spasms, Bipolar Depression, Anxiety, Thoracic fracture w/ pain and muscle spasms." (Doc. 1 at 4). No relief is sought. The complaint is accompanied by a signed application to proceed as a pauper (Doc. 2). The application lists no form of income of any kind over the last 12 months, no debts or liabilities of any kind, and no assets, save for a 1992 truck.

---

[1] It appears that page 3 of Doc. 2 is the signature page of the complaint and has been misfiled as a part of the motion to appear in forma pauperis. The Clerk is **directed** to properly docket this page as the signature page of the complaint.

## II. Discussion

Federal courts may allow an individual to proceed in *forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that she is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca

Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, *pro se* litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Plaintiff's complaint is plainly deficient in that it does not contain any allegations to state a claim against Defendant and seeks no relief. Assuming Plaintiff is attempting to state a claim of entitlement to disability benefits or supplemental security income, she cannot pursue such an application in this court in the first instance. A district court's jurisdiction to review claims arising under the Social Security Act is governed by 42 U.S.C. § 405(g), which permits review only "after any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); Cash v. Barnhart, 327 F.3d 1252, 1255 (11th Cir. 2003); Weinberger v. Salfi, 422 U.S. 749, 765, 95 S.Ct. 2457, 2466-67, 45 L.Ed.2d 522 (1975) (explaining the regulations "specify that the finality required for judicial review is achieved only after the further steps of a hearing before an administrative law judge and, possibly, consideration by the Appeals Council"). There is

no allegation that Plaintiff has pursued and exhausted her claim before the agency and, absent a final decision by Defendant, this Court lacks jurisdiction. To the extent Plaintiff can state a timely claim for review of a final decision on an application for benefits, she should be given leave to amend her complaint to so state.

### III. Recommendation

Plaintiff's complaint fails to state a cognizable claim within the jurisdiction of this Court. Therefore, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** this case **without prejudice**, with 21 days leave to amend.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 10, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiff